IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TIFFANY MADISON, on behalf of herself and all others similarly situated, ) ) ) | Civil Action No. |
| Plaintiff, ) ) ) | |
| ) | JURY TRIAL DEMANDED |
| v. ) ) | |
| NU LIFE MED, LLC, ) ) | |
| Defendant. ) ) | |

_____

## COMPLAINT FOR DAMAGES

COMES NOW Tiffany Madison, LLC ("Madison" or "Plaintiff"), by and through undersigned counsel, on behalf of herself and all similarly situated individuals, and files this Complaint against Defendant Nu Life Med, LLC ("Defendant" or "Nu Life Med"), and shows the following:

### I.   Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein. Plaintiff brings this action as

the representative party for all similarly situated employees of Defendant.

2.

This action seeks declaratory relief, along with liquidated and actual damages, attorney's fees and costs for Defendant's failure to pay federally mandated overtime wages to Plaintiff and similarly situated individuals in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq*. (hereinafter the "FLSA").

## II.   Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4.

Defendant Nu Life Med, LLC is a New Hampshire limited liability company and resides in this district. Defendant does business in and is engaged in commerce in the State of Georgia. Venue is proper in this district pursuant to 29 U.S.C. § 1391(b) because Defendant resides in this district and a substantial part of the events and omissions that give rise to Plaintiff and putative class members' claims occurred in this district.

Case 1:15-cv-00775-RWS   Document 1   Filed 03/16/15   Page 3 of 12


### III.  Parties and Facts

5.

Plaintiff is a resident of the State of Georgia.

6.

Plaintiff was employed by Defendant from June 16, 2014 to March 12, 2015.

7.

Throughout the above referenced period, Plaintiff was an "employee" of Defendant, as that term has been defined by the FLSA, 29 U.S.C.S. § 201 et seq., 29 U.S.C. § 203(e).

8.

Throughout her employment with Defendant (the relevant period for the named Plaintiff's claims) Plaintiff was employed by Defendant with the job title "sales and service representative". sales and service

9.

Throughout her employment with Defendant as a service and sales representative, Plaintiff was paid on a salary basis and was not provided overtime compensation for hours she worked in excess of (40) in given workweeks.

10.

Throughout her employment with Defendant as a sales and service representative, Plaintiff regularly worked an amount of time that was more than forty (40) hours in given workweeks and was not paid the overtime wage differential for many hours worked over (40) in such weeks.

11.

Throughout her employment with Defendant as a sales and service representative, Defendant misclassified Plaintiff as exempt from the overtime requirements of the FLSA.

12.

Defendant is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000 per year.

13.

During the last three years, Defendant suffered or permitted Plaintiff to work in excess of (40) hours in given workweeks without receiving overtime compensation.

14.

During the last three years, Defendant knew or had reason to know that Plaintiff worked in excess of (40) hours in given workweeks without receiving overtime compensation.

15.

Defendant is an "employer" within the definition of the FLSA, 29 U.S.C. §203(d).

16.

Defendant is governed by and subject to the FLSA, 29 U.S.C. §204 and §207.

17.

During the last three years, while employed by Defendant as a sales and service representative, Plaintiff's primary duty was the performance of non-exempt work, specifically delivering medical equipment to Defendant's customers in her personal vehicle and performing associated clerical work.

18.

In particular, Plaintiff spent her work days delivering cold compression machines and sometimes other equipment to patients, ensuring the equipment worked properly during the time such equipment was on lease to customers,

picking up the equipment at the end of rental period, and completing and uploading various documents associated with the deliveries.

19.

Plaintiff's primary duty as a sales and service representative was not making sales, as that term has been defined by the FLSA; nor was Plaintiff's primary duty obtaining orders or contracts for services or for the use of facilities.

20.

Throughout the last three years, Defendant employed "account managers" that were responsible for the selling and obtaining customers' orders for Defendant's marketplace offerings, including the equipment that was delivered by Plaintiff and other service and sales representatives.

### IV.  Collective Action Allegations

21.

Plaintiff brings Count I of this Complaint on behalf of herself and other similarly situated individuals pursuant to 29 U.S.C. § 216(b). Plaintiff and the similarly situated individuals are individuals who currently or formerly have been employed by Defendant nationwide as sales and service representatives at any time during the last three (3) years.

22.

During the last three years, Plaintiff and the Collective Class routinely worked in excess of (40) hours per workweek without receiving overtime compensation for overtime hours worked while working as service and sales representatives.

23.

During the last three years, Plaintiff and the Collective Class were paid on a salary basis.

24.

Defendant was aware that Plaintiff and the Collective Class were working overtime hours without receiving overtime compensation calculated at one and one half times their regular rate.

25.

During the applicable statutory period, Defendant failed to keep accurate time records for all hours worked by Plaintiffs and the Collective Class.

26.

During the last three years, Plaintiff and the Collective Class were all subject to the same unlawful policy, i.e. Defendant's policy of misclassifying these employees as exempt from the overtime requirements of the FLSA.

27.

During the last three years, Plaintiff and members of the Collective Class' performed the same or very similar job duties, i.e. the performance of non-exempt work, specifically delivering medical equipment to Defendant's customers in their personal vehicles and performing associated clerical work.

28.

During the last three years, Plaintiff and members of the Collective Class' primary duty as sales and service representatives was not making sales, as that term has been defined by the FLSA; nor was their primary duty obtaining orders or contracts for services or for the use of facilities.

29.

During the last three years, Defendant employed "account managers" that have been responsible for the selling and obtaining customers' orders for Defendant's marketplace offerings, including the equipment that was delivered by Plaintiff and members of the Collective Class.

30.

Plaintiff and the Collective Class are entitled to overtime pay for the hours they worked over (40) in given workweeks. Defendant's practices violate the provisions of the FLSA, 29 U.S.C. § 201, et seq. including but not limited to 29

U.S.C. § 207. As a result of Defendant's unlawful practices, Plaintiff and the Collective Class have suffered lost wages.

## Count I

### Violation of the Overtime Wage Requirement of the Fair Labor Standards Act

31.

Defendant has violated the FLSA, 29 U.S.C. § 201, et seq. including but not limited to 29 U.S.C. § 207, by failing to pay overtime wages for hours Plaintiff and the Collective Class worked in excess of (40) hours in given workweeks.

32.

The FLSA, 29 U.S.C. § 207, requires employers to pay employees one and one-half times the regular rate of pay for all hours worked in excess of (40) hours in a workweek.

33.

Defendant suffered and permitted Plaintiff and the Collective Class to routinely work more than (40) hours per week without overtime compensation.

34.

Defendant's actions, policies and/or practices as described above violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff and the Collective Class at the required overtime rate.

35.

Defendant knew, or showed reckless disregard for the fact that it failed to pay Plaintiff and the Collective Class overtime compensation in violation of the FLSA.

36.

Defendant failed to accurately report, record and/or preserve records of hours worked by Plaintiff and the Collective Class, and thus has failed to make, keep and preserve records with respect to each of their employees sufficient to determine their wages, hours and other conditions and practices of employment, in violation of the FLSA.

37.

Plaintiffs and the Collective Class were subject to the same unlawful policy of Defendant, i.e. Defendant's policy of misclassifying sales and service representatives as exempt from the overtime requirements of the FLSA.

38.

Defendant's violations of the FLSA were willful and in bad faith, thus entitling Plaintiff and the Collective Class to a three year statute of limitations for their claims.

39.

Pursuant to the FLSA, 29 U.S.C. § 216, Plaintiff and the Collective Class are entitled to recover the unpaid overtime wage differential, liquidated damages in an equal amount to unpaid overtime, attorneys' fees, and the costs of this litigation incurred in connection with these claims.

### **Prayer for Relief**

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)  Conditionally certify this matter as a collective action and provide notice to putative class members;

(B)  Grant Plaintiff and the Collective Class a trial by jury as to all triable issues of fact;

(C)  Enter judgment against Defendant and awarding Plaintiff and the Collective Class unpaid wages pursuant to the FLSA, 29 U.S.C. §§ 206(d), 207, and 216, liquidated damages as provided by 29 U.S.C. § 216, pre-judgment interest on unpaid wages, court costs, expert

witness fees, and reasonable attorneys' fees pursuant to 29 U.S.C. § 216, and all other remedies allowed under the FLSA; and,

(D) Grant declaratory judgment declaring that Plaintiff and the Collective Class' rights have been violated and that Defendant willfully violated the FLSA;

(E) Grant Plaintiff and the Collective Class leave to add additional state law claims if necessary; and

(F) Award Plaintiff such further and additional relief as may be just and appropriate.

This 16th day of March, 2015.

**BARRETT & FARAHANY, LLP**

/s/ V. Severin Roberts
Amanda A. Farahany
Georgia Bar No. 646135
Benjamin F. Barrett
Georgia Bar No. 039586
V. Severin Roberts
Georgia Bar No. 940504
Attorneys for Plaintiff Tiffany Madison

1100 Peachtree Street
Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 facsimile